# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ELYSIA MARTEL HUFF,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, TD BANK N.A., and JON BARRY AND ASSOCIATES, INC. d/b/a PARAGON REVENUE GROUP,<br><br>    Defendants. | Civil Action No.:<br><br><br><br><br><br><br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

Elysia Martel Huff ("Plaintiff"), brings this action on an individual basis under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), seeking statutory and other damages against defendants Equifax Information Services, LLC, ("Equifax"), Trans Union, LLC ("TransUnion"), TD Bank N.A ("TD Bank") (collectively, "FCRA Defendants"), and Jon Barry and Associates, Inc. d/b/a Paragon Revenue Group ("Paragon," and, collectively with FCRA Defendants, "Defendants") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

**FCRA Claims**

1.  Defendants Equifax and TransUnion (collectively, "CRA Defendants") are credit reporting agencies ("CRAs") that have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, including inaccurate reporting with respect to payment statuses and balances of accounts issued by Defendant TD Bank ("Furnisher Defendant") and non-party Navient Solutions, LLC ("Navient" or "Non-Party Furnisher," and, collectively with Furnisher Defendant, the "Furnishers").

2.  Plaintiff disputed the reporting regarding Plaintiff's accounts with the Furnishers in writing through the channels established by CRA Defendants for disputing consumer credit information. CRA Defendants, in turn, and as required by statute, notified the Furnishers of Plaintiff's dispute. Yet, despite receiving the dispute, or notice thereof, FCRA Defendants willfully continued to report the inaccurate information.

3.  FCRA Defendants thus violated the express provisions of the FCRA. Upon receiving a consumer's dispute, credit bureaus (such as CRA Defendants) are legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the

dispute; and (ii) when and if appropriate, following the performance of the reasonable investigation, remove any inaccurate information.

4. Credit reporting agencies are statutorily obligated to notify furnishers of credit information (such as Furnisher Defendant) within five days of receiving a customer's dispute. The furnishers, in turn, are statutorily obligated to mark the disputed account as disputed, conduct an investigation and correct the misleading information as necessary. It is thus reasonable to infer that Furnisher Defendant received notice of, yet willfully disregarded, Plaintiff's dispute.

5. CRA Defendants thus violated two different statutory provisions of the FCRA. First, they violated 15 U.S.C. §1681e(b), which requires credit bureaus to maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's consumer reports. Second, CRA Defendants violated 15 U.S.C. §1681i, which required them to conduct a reasonable reinvestigation into Plaintiff's dispute, report the account as disputed, and delete the inaccurate reporting, if necessary.

6. Likewise, Furnisher Defendant violated its statutory obligation to conduct a timely and reasonable investigation of Plaintiff's dispute. It is reasonable to infer that Equifax notified Furnisher Defendant of Plaintiff's dispute, as required by federal statute. *See id.* § 1681i(a)(2). Yet, instead of conducting an investigation and removing the inaccurate information, Furnisher Defendant improperly verified that the information in Plaintiff's credit report was accurate.

7. Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages, and reasonable attorney's fees and expenses.

**FDCPA Claims**

8. Plaintiff also asserts FDCPA claims against Defendant Paragon ("FDCPA Defendant").

9. Non-party Experian Information Solutions, Inc. ("Experian") has been selling consumer background reports regarding Plaintiff containing inaccurate information about the balance of a purported debt originally issued by Bayfront Medical Center and acquired by Defendant Paragon. The purported Bayfront Medical Center debt arose out of a transaction in which money, property, insurance or services, which were the subject of the underlying transaction, were primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Plaintiff disputed the reporting regarding the Paragon collection account in writing through the channels established by Experian for disputing consumer credit information. Experian, in turn, and as required by statute, notified Paragon of Plaintiff's dispute. Yet, Paragon continued to report the inaccurate information.

11. Moreover, the FDCPA prohibits debt collectors from making false representations regarding the character, amount, or legal status of any debt. Defendant Paragon violated this provision by inappropriately modifying the reporting of the payment history of the tradeline on Plaintiff's credit report to make the delinquency on the tradeline appear more recent than it actually was.

12. Defendant Paragon modified the payment history of the account to reflect the charge off date of the account as January 2019, when, in fact, the charge off occurred as early as October 2018, as reflected by the status date reported for the account.

13. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the

loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), and, because Defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, Defendants are subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

16. Plaintiff Elysia Martel Huff is a resident of Pinellas County, Florida, and qualifies as a "consumer" as defined and protected by the FCRA (15 U.S.C. §1681a(c)) and the FDCPA (15 U.S.C. §1692a(3)).  Plaintiff is an individual, not an entity.

**Defendants**

17. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district.  Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of Florida, and may be served with process upon Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, FL 32301.  Defendant Equifax qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

18. Defendant Trans Union, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant TransUnion maintains its principal place of business at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of Florida, and may be served with process upon The Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 1201 Hays Street, Tallahassee, FL 32301. Defendant TransUnion qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

19. Defendant TD Bank N.A. is a national banking association and a subsidiary of the Canadian multinational Toronto-Dominion Bank. As a financial services company, it provides retail, commercial, and corporate banking services through banking locations and offices, the internet, and other distribution channels to individuals, businesses and institutions throughout the United States. Defendant TD Bank regularly conducts business in this district and has its headquarters at 357 Kings Hwy N, Cherry Hill, NJ 08034. Defendant TD Bank qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

20. Defendant Jon Barry and Associates, Inc. d/b/a Paragon Revenue Group is a collection agency that uses the mail, telephone, and facsimile to collect debts alleged to be due another and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant Paragon has a principal place of business located at 216 Le Phillip Ct., Concord, NC 28025, is registered to do business in the State of Florida, and may be served with process upon Cogency Global, Inc., its registered agent for service of process at 115 North Calhoun St., Suite 4, Tallahassee, FL 32301. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

21. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) The banking system is dependent upon fair *and accurate* credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

22. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

23. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving

consumers, for employment purposes, the underwriting of insurance, and even consumer housing. Plaintiff has a legally protected interest in CRA Defendants fulfilling their duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

24. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information.

**TD Bank**

25. Defendant Equifax issued consumer background reports concerning Plaintiff that included inaccurate information on Plaintiff's Target credit card account issued by TD Bank, including inaccurate account balances and past due amounts.

26. On January 16, 2020, Plaintiff sent letters to Equifax disputing the erroneous reporting.

27. It is reasonable to infer that Equifax notified TD Bank about Plaintiff's dispute, as required by federal statute. Nevertheless, Equifax and TD Bank failed to conduct a reasonable investigation and correct the reporting on Plaintiff's TD Bank tradeline.

28. Moreover, Equifax and TD Bank failed to mark the TD Bank tradeline as disputed, despite their requirement to do so.

**Navient**

29. CRA Defendants issued background reports concerning Plaintiff that included inaccurate information concerning Plaintiff's Navient account.

30. Although Plaintiff's Navient account was closed and Plaintiff's payment obligation to Navient ceased, CRA Defendants continued to report in the payment status field of Plaintiff's

background report that the Navient account was "120-149 Days Late." Further, the reporting of the account should not have contained the "120-149 Days Late" language to describe the payment status considering that the account was showing a zero balance. CRA Defendants performed a reasonable investigation, they would have determined that the account with a "$0" balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

31. On January 16, 2020, Plaintiff sent a letter to CRA Defendants disputing the accuracy of the payment status reported on the closed Navient account. The payment status of the Amex account should not have contained the "120-149 Days Late" language for the reasons stated above. This reporting is extremely misleading, as such reporting causes lenders to believe Plaintiff is currently late on the payments for this account, negatively reflecting on Plaintiff's credit worthiness. This inaccuracy also misleads prospective lenders into believing that Plaintiff has an obligation to pay a monthly amount to Navient, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

32. Nevertheless, CRA Defendants failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

33. Moreover, CRA Defendants failed to mark the Navient tradeline as disputed, despite their requirement to do so.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless, and/or negligent misconduct**

34. CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

35. The inaccurate information includes personal identifying information, as well as the nature of Plaintiff's tradelines/accounts, including, but not limited to, Plaintiff's accounts with Furnishers.

36. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed them in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information. Despite being notified of the inaccurate information, CRA Defendants confirmed in writing that they intended to continue reporting inaccurate information, and, thereafter, CRA Defendants continue to publish inaccurate information in Plaintiff's consumer background reports.

37. After CRA Defendants confirmed in writing that they intended to continue reporting inaccurate information, Plaintiff was denied the extension of further credit because of the inaccurate reporting.

38. Upon information and belief, CRA Defendants contacted the Furnishers and notified them of Plaintiff's dispute. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendants should have then sent all the relevant evidence/facts to the Furnisher and requested an explanation as to the reason the accounts/tradelines were being reported in an inaccurate manner. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to the Furnishers; or (iv) requested or obtained any credit applications or other relevant documents from the Furnishers. CRA Defendants willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's dispute, and importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

39. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports they published.

40. Upon receipt of Plaintiff's dispute, CRA Defendants were required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

41. Because CRA Defendants failed to take any of these steps, they violated the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and being denied the ability to obtain additional credit.

## CAUSES OF ACTION

### COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

42. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

43. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

44. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added).

45. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> (A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added).

46. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendants willfully, intentionally, recklessly, and negligently failed to perform a reasonable investigation and remove the inaccurate information.

47. Moreover, CRA Defendants failed to mark the disputed accounts as disputed, despite their obligation to do so.

48. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injuries, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as

described herein and is entitled to recover actual and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)

49. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

50. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) *conduct an investigation with respect to disputed information*;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

51. Furnisher Defendant failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice of Plaintiff's dispute from Equifax.  Furnisher Defendant has further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to Equifax.

52. Instead of removing the inaccurate information, Furnisher Defendant improperly confirmed the inaccurate information that it has been reporting.

53. Moreover, Furnisher Defendant failed to mark the disputed account as disputed, despite its obligation to do so.

54. Furnisher Defendant's conduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of Furnisher Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

55. As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### Against FDCPA Defendant for Violation of the FDCPA, 15 U.S.C. § 1692(e)

56. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

57. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means while attempting to collect a debt. *See* 15 U.S.C. § 1692e.

58. The FDCPA enumerates a non-exclusive list of deceptive practices, including, *inter alia*, falsely representing "the character, amount, or legal status of any debt." *See Id.,* § 1692e(2).

59. Defendant Paragon received notice from Experian that Plaintiff disputed the inaccurate account balance information. It is reasonable to infer that Experian notified Paragon of Plaintiff's dispute, as required by federal statute.

60. In violation of the FDCPA, Paragon inappropriately and materially modified its reporting of the Paragon account to reflect that this account was charged off and became a collection account at a later date than when it actually did.

61. Plaintiff has suffered damages as a result of FDCPA Defendant's misconduct, including, but not limited to, emotional distress, and is entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 12, 2020                **COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
Florida Bar No. 119968


 */s/ Yosef Steinmetz*
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*